IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NUECES COUNTY, TEXAS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case: |
| | ) |
| UNITED STATES OF AMERICA | ) |
| and ERIC H. HOLDER, JR. in his official | ) |
| capacity as Attorney General of the United | ) |
| States, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO SECTION 5 OF THE VOTING RIGHTS ACT OF 1965 AND REQUEST FOR THREE-JUDGE COURT**

Nueces County, Texas seeks a declaratory judgment that its recently enacted redistricting plans for the Nueces County Commissioners Court (the Commissioners Plan) and the Nueces County Justices of the Peace/Constables (the JP Plan) fully comply with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c (Section 5). The County's redistricting plans have neither the purpose nor will they have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority.

## PARTIES

1. Plaintiff, Nueces County, Texas is a political subdivision of the State of Texas and brings this action on behalf of itself and its citizens. Nueces County, Texas is subject to the preclearance requirements of Section 5 of the Voting Rights Act of 1965, as amended and codified at 42 U.S.C. § 1973c.

2. Defendants are the United States of America and Eric H. Holder, Jr., in his official capacity as Attorney General of the United States. Attorney General Holder is principally

responsible for administering Section 5 of the Voting Rights Act and is a necessary party to these proceedings.

## JURISDICTION AND VENUE

3. This action is brought pursuant to Section 5 of the Voting Rights Act, under which this Court is authorized to declare Plaintiffs redistricting plans compliant with Section 5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to Section 5 of the Voting Rights Act. 42 U.S.C. § 1973c.

## FACTS

5. According to the 2010 Census data, Nueces County's population increased to 340,223.

6. The population growth in Nueces County, Texas resulted in the malapportionment of preexisting electoral districts in the County Commissioners Court.

7. Consequently, the Nueces County Commissioners Court recently reapportioned the electoral districts for the Nueces County Commissioners Court.

8. The population growth in Nueces County, Texas also compelled the Nueces County Commissioners court to evaluate and reapportion two electoral districts for the Justices of the Peace/Constables districts.

9. This is a lawsuit for judicial preclearance under 42 U.S.C. § 1973c (Section 5 of the Voting Rights Act) and is entitled to review by a three judge court.

10. Simultaneous with the filing of this action, Plaintiff has made two complete submissions to the U.S. Department of Justice (DOJ) in order to facilitate and expedite disposition of this matter (the Submissions). The Submissions comply with the DOJ's administrative pre-clearance process. A copy of the Submissions are attached as Exhibit "A" and "B" and incorporated by reference as if set forth fully herein.

1436196v.4 iManage 105564

## Commissioners Court Plan

11. The Nueces County Commissioners Court is divided into four (4) districts.

12. After the release of the 2010 Census data, the Commissioners Court was required by law, TEX. CONST. art. 5, § 18(b), to reapportion the Commissioner Court districts to equalize population.

13. The Commissioners Plan was passed by the Nueces County Commissioners Court on June 14, 2011 and will become effective on December 1, 2011 or upon preclearance, whichever is later.

14. On September 28, 2011 – as explained above – Nueces County, Texas provided to the DOJ all of the documents and data necessary for the Attorney General to confirm that the Commissioners redistricting plan complies with Section 5 and is entitled to preclearance. A copy of the State's submission is attached to this Complaint and incorporated herein for the Court's convenience.

15. The Submission explains that the Commissioners redistricting plan, as compared to its previous benchmark, maintains the ability of minority voters to elect their candidate of choice in each district protected by Section 5.

## JP Redistricting Plan

16. The Justices of the Peace/Constables (the JPs) in Nueces County are divided into five (5) districts.

17. After the release of the 2010 Census data and pursuant to TEX. CONST. art. 5, § 18(a), the Nueces County Commissioners Court evaluated and reapportion two Justice of the Peace/Constable districts for the convenience of the people.

18. The JP Plan was adopted by the Nueces County Commissioners Court on September 14, 2011 and will become effective on December 1, 2011 or upon preclearance, whichever is later.

1436196v.4 iManage 105564

19. On September 28, 2011 – as explained above – Nueces County, Texas formally provided the DOJ all of the documents and data necessary for the Attorney General to confirm that the JP plan fully complies with Section 5 and is entitled to preclearance. A copy of the Submission is attached to this Complaint and incorporated herein for the Court's convenience.

20. The Submission explains that the JP Plan, as compared to its previous benchmark, maintains or increases the ability of minority voters to elect their candidate of choice in each district protected by Section 5.

## COUNT I

21. The allegations in Paragraphs 1-7 and 9-15 are reincorporated here.

22. The Commissioners Plan does not retrogress and "neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color" or membership in a language minority. 42 U.S.C. § 1973c. In all respects, it complies with Section 5 of the Voting Rights Act.

23. Plaintiff is entitled to a judgment that the Commissioners Plan fully complies with Section 5 of the Voting Rights Act and may be implemented immediately.

## COUNT II

24. The allegations in Paragraphs 1-5, 8-10 and 16-20 are reincorporated here.

25. The JP Plan does not retrogress and "neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color" or membership in a language minority. 42 U.S.C. § 1973c. It therefore complies with Section 5 of the Voting Rights Act.

26. Plaintiff is entitled to judgment that the JP Plan fully complies with Section 5 of the Voting Rights Act and may be implemented immediately.

1436196v.4 iManage 105564

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests the following relief from the Court:

A. Convene a three judge court pursuant to 42 U.S.C. § 1973c;

B. Enter declaratory judgment that the Commissioners and JP plans fully comply with Section 5 of the Voting Rights Act.

C. Enter a declaratory judgement that the Commissioners and JP plans may be implemented on or after December 1, 2011.

D. Gant Plaintiff such other and further relief as may be proper and appropriate.

**Dated:** September 29, 2011

Respectfully Submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

*/s/ Martin D. Beirne*

Martin D. Beirne
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056
(713) 623-0887

Joseph M. Nixon[1]
Dalton L. Oldham
James E. Trainor, III[2]
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700
(512) 623-6701 facsimile

ATTORNEYS FOR PLAINTIFF
NUECES COUNTY, TX

---

[1] Application for admission on file with the Clerk of the Court.
[2] Application for admission on file with the Clerk of the Court.

5

1436196v.4 iManage 105564